IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER D. ROMERO,

        Plaintiff,                    No. CIV S-05-1245 DFL JFM PS

      vs.

RODNEY KIRKLAND and
JUNE KUNTZ,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se with a civil rights action brought pursuant to 42 U.S.C. § 1983. Presently calendared for hearing on September 8, 2005 is defendants' August 4, 2005 motion to dismiss or for more definite statement. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those

1

1  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure
2  to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no
3  set of facts in support of the claim that would entitle him to relief.  See Hishon v. King &
4  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
5  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
6  a complaint under this standard, the court must accept as true the allegations of the complaint in
7  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10 Plaintiff alleges that defendants are State of California employees, acting under
11 color of state law, who have control over his paychecks and who have "arbitrarily and
12 substantially reduced the amount of plaintiff's routine paychecks without his permission"
13 (Complaint at 2), and without due process of law.  Plaintiff sues defendants in their individual
14 capacities and seeks monetary damages.  In his opposition to the motion, plaintiff contends that
15 "why defendants reduced plaintiff's pay, and whether or not it was justified or legal, are actually
16 defenses, not issues for plaintiff to allege in the complaint." (Opp'n at 1-2.)

17 However, plaintiff is incorrect.  Although the Federal Rules adopt a flexible
18 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
19 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
20 must allege with at least some degree of particularity overt acts which defendants engaged in that
21 support plaintiff's claim.  Id.  In addition, plaintiff must provide sufficient information for the
22 court to determine whether it has jurisdiction over plaintiff's claims.[1]

---

[1] For example, suit against individual state officers in their official capacities is barred by the Eleventh Amendment.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

1    The court finds the allegations in plaintiff's complaint so vague and conclusory
2 that it is unable to determine whether the current action is frivolous or fails to state a claim for
3 relief.  The court has determined that the complaint does not contain a plain statement as required
4 by Fed. R. Civ. P. 8(a)(2).  Because plaintiff has failed to comply with the requirements of Fed.
5 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
6 an amended complaint.

7    If plaintiff chooses to amend the complaint, plaintiff must set forth the
8 jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
9 Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
10 in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading.  This is
14 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
15 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
16 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
17 original complaint, each claim and the involvement of each defendant must be sufficiently
18 alleged.

19 II. Motion for More Definite Statement

20    Motions for more definite statement are governed by Rule 12(e).  "Rule 12(e) is
21 designed to strike at unintelligibility, rather than want of detail."  Woods v. Reno Commodities,
22 Inc., 600 F.Supp. 574, 580 (D.Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491
23 F.Supp. 1364, 1385 (N.D. Cal. 1980).  Rule 12(e) permits a party to move for a more definite
24 statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a
25 responsive pleading."
26 /////

1        The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

       In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. Plaintiff alleges that the defendants "arbitrarily" reduced his paychecks without his permission. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. To the extent plaintiff is seeking to litigate an unauthorized, intentional deprivation of his property, that claim must be dismissed as legally frivolous. Plaintiff should omit that claim from any amended complaint filed pursuant to this order.

       Finally, defendants state they believe plaintiff is suing defendants because he objects to the withholding of taxes directed to be withheld by the Internal Revenue Service (IRS) and the Franchise Tax Board. (Defts.' Motion at 3.) Plaintiff does not address nor dispute this in his opposition. Plaintiff is advised that an employer or employee may not be held liable for complying with the IRS's instructions to withhold taxes from an employee's paycheck. Martin v. Scott, 37 Fed.Appx. 878 (9th Cir. 2002)[2](see Bright v. Bechtel Petroleum, Inc., 780 F.2d 766,

---

[2] The Martin court affirmed the district court's denial of Martin's civil rights complaint brought against two IRS agents, his employer and another employee for lack of subject matter

1  770 (9th Cir.1986) (holding that an employer is not liable to employee for complying with legal
2  duty to withhold taxes).
3        Upon review of the complaint under Fed. R. Civ. P. 12(e), the court finds that the
4  motion for more definite statement should be granted.  If plaintiff chooses to proceed with his
5  claims, the amended complaint should set forth the facts supporting each claim separately,
6  including the specific nature of the deprivation, and should clearly identify the defendants against
7  which the claims are made, explaining how they "control" plaintiff's "routine pay," and how said
8  actions demonstrate a constitutional violation.
9        In accordance with the above, IT IS HEREBY ORDERED that:
10       1. The hearing date of September 8, 2005 on defendants' motion to dismiss is
11 vacated.
12       2. Defendants' August 4, 2005 motion is granted.
13       3. Plaintiff's complaint is dismissed.
14       4. Plaintiff is granted thirty days from the date of service of this order to file an
15 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
17 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
18 copies of the amended complaint; failure to file an amended complaint in accordance with this
19 order will result in a recommendation that this action be dismissed.
20 DATED:  August 25, 2005.

UNITED STATES MAGISTRATE JUDGE

24 /001; romero.mtd

26 jurisdiction and for failure to state a claim.  Id..

5