IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER D. ROMERO,
MONIQUE ROMERO,

       Plaintiffs,                       No. CIV S-05-1245 DFL JFM PS

   vs.

RODNEY KIRKLAND and
JUNE KUNTZ,

       Defendants.               ORDER

_____/

       Plaintiffs are proceeding pro se with a civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants' October 5, 2005 motion to dismiss is presently calendared for hearing on November 17, 2005. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,

1

1    396 U.S. 869 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those
2    drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure
3    to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no
4    set of facts in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King &</u>
5    <u>Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u>
6    <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
7    a complaint under this standard, the court must accept as true the allegations of the complaint in
8    question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
9    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
10   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

11            Plaintiffs allege that defendants are State of California employees, acting under
12   color of state law, who have control over Mr. Romero's paychecks and who have "intentionally
13   and substantially reduced the amount of Roger Romero's paychecks without the permission of
14   either plaintiff" (First Amended Complaint at 2), and without due process of law.  Plaintiffs also
15   allege conversion.  Plaintiffs sue defendants in their individual capacities and seek monetary and
16   punitive damages.

17            In the opposition to the motion, plaintiffs contend defendants are acting under
18   color of state law, and that the deprivation of plaintiffs' earnings without due process is a
19   constitutional violation.  (Opp'n at 1-2.)  Plaintiffs state that whether or not the defendants'
20   actions were authorized under state procedures is irrelevant.

21            However, plaintiffs are incorrect.  As noted in this court's August 26, 2005 order,
22   the United States Supreme Court has held that "an unauthorized intentional deprivation of
23   property by a state employee does not constitute a violation of the procedural requirements of the
24   Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for
25   the loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Thus, where the state
26   provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).[1]

Additionally, as defendants note, if defendants are withholding plaintiff Roger Romero's earnings as withholding taxes pursuant to Internal Revenue Service ("IRS") requirements, such deductions are authorized and therefore are also not actionable herein. Plaintiffs have again failed to address or dispute this characterization of defendants' actions.  An employer or employee may not be held liable for complying with the IRS's instructions to withhold taxes from an employee's paycheck.  Martin v. Scott, 37 Fed.Appx. 878 (9th Cir. 2002)[2](see Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir.1986) (holding that an employer is not liable to employee for complying with legal duty to withhold taxes).  An adequate post-deprivation procedure for recovery of withheld tax is available by pursuing a refund under California Revenue and Taxation Code §§ 19381 et seq; see also McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Dept. of Business Regulation of Florida, 496 U.S. 18, 31 (1990).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support their claims.  Id.  In

---

[1] If plaintiffs claim the actions by defendants were not authorized, they must seek relief via a tort claim against public officials under California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Plaintiff Roger Romero was previously advised that any attempt to litigate an unauthorized, intentional deprivation of his property here is legally frivolous.  See August 26, 2005 Order.

[2] The Martin court affirmed the district court's denial of Martin's civil rights complaint brought against two IRS agents, his employer and another employee for lack of subject matter jurisdiction and for failure to state a claim.  Id..

addition, plaintiffs must provide sufficient information for the court to determine whether it has jurisdiction over plaintiffs' claims.[3]

The court finds the allegations in plaintiffs' first amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a plain statement as required by Fed. R. Civ. P. 8(a)(2). Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed. In an abundance of caution, the court will, however, grant leave to file a second amended complaint.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Specifically, the second amended complaint must set forth the facts supporting each claim separately, including the specific nature of the deprivation, including whether plaintiffs contend the deprivation was authorized or unauthorized, and should clearly identify the defendants against which the claims are made, explaining how they control plaintiffs' earnings, and how said actions demonstrate a constitutional violation. Plaintiffs are cautioned that failure to adequately address the nature of the deprivation alleged herein will result in a recommendation that this action be dismissed for failure to state a claim.

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

---

[3] For example, suit against individual state officers in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing date of November 17, 2005 on defendants' motion to dismiss is vacated.

2. Defendants' October 5, 2005 motion is granted.

3. Plaintiff's first amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  November 15, 2005.

UNITED STATES MAGISTRATE JUDGE

/001; romero.mtd2