IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER D. ROMERO,
MONIQUE ROMERO,

        Plaintiffs,                  No. CIV S-05-1245 DFL JFM PS

       vs.

RODNEY KIRKLAND and
JUNE KUNTZ,

        Defendants.             ORDER

_____/

        Plaintiffs are proceeding pro se with a civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants' December 20, 2005 motion to dismiss is now before the court. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure

1

to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiffs allege that defendants are State of California employees, acting under color of state law and state procedure, who have control over Mr. Romero's paychecks and who have "intentionally and substantially reduced the amount of Roger Romero's paychecks without the permission of either plaintiff" (Second Amended Complaint at 2), and without due process.  Plaintiff Monique Romero bases her interest in this litigation on her California state law community property interest in her husband's earnings.  Plaintiffs contend they know of no post-deprivation procedure for addressing the property deprivation and therefore allege none exists.  Plaintiffs sue defendants in their individual capacities and seek monetary and punitive damages.

In the opposition to the motion, plaintiffs contend defendants are acting under color of state law and state procedure, and that the deprivation of plaintiffs' earnings without due process is a constitutional violation.  (Opp'n at 1.)  Plaintiffs argue that this case is "almost identical" to Piatt v. MacDougall, 773 F.2d 1032 (9th Cir. 1985).  (Opp'n at 1.)  However, plaintiffs do not specifically identify what facts are identical.  Piatt was a state prisoner who was not being paid at all for his labor.  Here, plaintiff Romero acknowledges that he is a state employee and that he is being paid wages, claiming defendants are taking a "substantial reduction in what was paid."  (Second Amended Complaint at 2.)

Plaintiffs apparently contend that the deprivation of property was authorized.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or

statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985)(where a state statute provides prisoners a right to compensation for their work, they can bring a § 1983 claim alleging that the state revoked their right to pay without due process); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

However, a § 1983 plaintiff must allege more than a statutory basis for his claim; he must also allege facts which support the claim. Plaintiffs have again failed to address or characterize the nature of the reduction in plaintiff Romero's paychecks. More importantly, plaintiffs have not disputed the characterization of defendants' actions as withholding from wages for tax purposes. Thus, this court cannot determine whether this action is barred because plaintiffs are attempting to challenge withholding of state or federal taxes. Martin v. Scott, 37 Fed.Appx. 878 (9th Cir. 2002)[1]; (see Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir.1986) (holding that an employer is not liable to employee for complying with legal duty to withhold taxes); 26 U.S.C. § 742(a). On this record, the court also cannot determine whether plaintiffs are required to pursue post-deprivation procedures in state court. McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Dept. of Business Regulation of Florida, 496 U.S. 18, 31 (1990); Cal. Revenue and Taxation Code §§ 19381 et seq.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs have been given three opportunities to file a complaint that sets forth the facts necessary for this court to determine whether plaintiffs may proceed in this court. Defendants press for dismissal with prejudice.

The court finds the allegations in plaintiffs' second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to

---

[1] The Martin court affirmed the district court's denial of Martin's civil rights complaint brought against two IRS agents, his employer and another employee for lack of subject matter jurisdiction and for failure to state a claim. Id..

state a claim for relief. The court has determined that the second amended complaint does not contain a plain statement as required by Fed. R. Civ. P. 8(a)(2). Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), as well as this court's prior orders, the second amended complaint must be dismissed. Because plaintiffs are proceeding pro se, the court will grant plaintiffs one final opportunity to set forth the nature of the property deprivation in such a way as to assist this court in determining whether this case may go forward. Thus, plaintiffs will be granted leave to file a third amended complaint.

Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support their claims. Id. In addition, plaintiffs must provide sufficient information for the court to determine whether it has jurisdiction over plaintiffs' claims.[2] A "[p]laintiff may not conceal the true nature of a complaint through artful pleading." Bright, 780 F2.2d at 769.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Specifically, the third amended complaint must set forth the facts supporting each claim separately, including the specific nature of the deprivation, including whether plaintiffs contend the deprivation was authorized or unauthorized, and should clearly identify the defendants against which the claims are made, explaining how they control plaintiffs' earnings, and how said actions demonstrate a constitutional violation. Plaintiffs are caution that failure to adequately
/////

---

[2] For example, suit against individual state officers in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

1  address the nature of the deprivation alleged herein will result in a recommendation that this
2  action be dismissed for failure to state a claim.

3  　　　　In addition, plaintiffs are informed that the court cannot refer to a prior pleading in
4  order to make plaintiffs' third amended complaint complete. Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading. This is
6  because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.</u>
7  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file a third amended complaint, the
8  original pleading no longer serves any function in the case. Therefore, in a third amended
9  complaint, as in an original complaint, each claim and the involvement of each defendant must
10 be sufficiently alleged.

11 　　　　In accordance with the above, IT IS HEREBY ORDERED that:

12 　　　　1. Defendants' December 20, 2005 motion to dismiss is granted.

13 　　　　2. Plaintiff's second amended complaint is dismissed.

14 　　　　3. Plaintiff is granted thirty days from the date of service of this order to file a
15 third amended complaint that complies with the requirements of the Federal Rules of Civil
16 Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket
17 number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file
18 an original and two copies of the third amended complaint; failure to file a third amended
19 complaint in accordance with this order will result in a recommendation that this action be
20 dismissed.

21 DATED: February 9, 2006.

　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

25 /001; romero.mtd3